FILED
NOVEMBER 19, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA DEL ROSARIO GOMEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BAUSCH & LOMB INCORPORATED, ) <br> ) <br> Defendant. ) | 07 C 6540 <br><br> Civil Action No. <br><br> NOTICE OF REMOVAL OF DEFENDANT BAUSCH & LOMB, INC. <br><br> JUDGE SHADUR <br> MAGISTRATE JUDGE COX |

PLEASE TAKE NOTICE that defendant Bausch & Lomb, Inc. ("Bausch & Lomb"), through undersigned counsel, hereby removes the above-captioned action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and respectfully states:

1. This case is one of several lawsuits involving allegations of fungal keratitis infections among users of Bausch & Lomb's ReNu with MoistureLoc contact lens solution in the United States. An MDL proceeding was created on August 14, 2006 and Bausch & Lomb seeks transfer of this action to that multidistrict litigation, *MDL-1785 In Re Bausch & Lomb Inc. Contact Lens Solution Products Liability Litigation*.

2. On or about October 7, 2007, Maria Del Rosario Gomez, ("plaintiff") commenced this action against Bausch & Lomb by filing a Complaint at Law ("Complaint" or "Compl.") in the Circuit Court of Cook County, County Department, Law Division bearing number 2007 L 0011930.

3. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441, because Bausch & Lomb has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

I. **BAUSCH & LOMB HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

4. The Complaint was served on Bausch & Lomb on October 30, 2007. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

5. The Circuit Court of Cook County, County Department, Law Division is located within the Northern District of Illinois, Eastern Division. Therefore, venue is proper pursuant to 28 U.S.C. § 89(c) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

6. No previous application has been made for the relief requested herein.

7. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the defendant, which papers include the summonses and petitions, is attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff and a copy is being filed with the clerk of the Circuit Court of Cook County, County Department, Law Division.

II. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.**

   A. **Diversity Of Citizenship**

8. Upon information and belief, plaintiff Gomez is a resident of the State of Illinois. Plaintiff has not alleged any alternative state of residence. Accordingly, upon information and belief, Illinois is the state in which plaintiff is domiciled and, therefore, the state of which plaintiff is a citizen for purposes of determining diversity.

9. Bausch & Lomb is, and was at the time plaintiff commenced this action, a corporation organized under the laws of the State of New York with its principal place of

business at One Bausch & Lomb Place, Rochester, New York, and therefore, is a citizen of New York for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

    10.    Thus, the plaintiff and defendant are diverse.

**B.**    **The Amount-In-Controversy Requirement Is Satisfied.**

    11.    Plaintiff in this case alleges that "Bausch & Lomb developed, tested, manufactured and sold certain bottles of the product "ReNu with MoistureLoc" to numerous health care professionals, pharmacies, retail outlets and other sources for ultimate sale and distribution to members of the general public in the County of Cook and State of Illinois" and that the solution known as "ReNu with MoistureLoc" had a propensity to cause severe and permanent injury to those person using the product and the product was dangerous at the time it left the possession of the Defendant, Bausch & Lomb, Incorporated. (Compl. ¶¶ 2, 4, 5).

    12.    Plaintiff alleges three separate claims for relief: negligence (Count I), strict liability (Count II), breach of express warranty (Count III), breach of implied warranty (Count IV) and misrepresentation (Count V). Based on these allegations, plaintiff seeks several forms of relief, including actual damages in excess of $50,000 plus costs. (Compl., Counts I, II, III, IV and V). However, given the description of the alleged injury and the nature of the relief sought, the amount in controversy by this litigation exceeds $75,000.

WHEREFORE, Defendant Bausch & Lomb respectfully removes this action from the Circuit Court of Cook County, County Department, Law Division, bearing number 07 L 11930 to this Court pursuant to 28 U.S.C. § 1441.

Dated this 19th day of November, 2007.

Respectfully submitted,

s/ Peter A. Tomaras
One of the Attorneys for Defendant

Peter A. Tomaras (No. 6180423)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois 60606-1229
(312) 201-2000

Jon Strongman
Shook Hardy & Bacon, LLP
One Kansas City Place
1200 Main Street
Kansas City, MO 64105
(816) 474-6550

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 19th day of November, 2007, a copy of the foregoing Notice of Removal of Defendant Bausch & Lomb, Inc. was electronically filed with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system and mailed, first-class, postage prepaid to counsel for the Plaintiff:

Antonio M. Romanucci
Romanucci & Blandin
33 North LaSalle Street
Suite 2000
Chicago, IL 60602

By   s/ Peter A. Tomaras

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
10/30/2007
CT Log Number 512738007

**TO:** Robert B Stiles
Bausch & Lomb Incorporated
One Bausch & Lomb Place
Rochester, NY 14604-2701

**RE:** Process Served in Illinois

**FOR:** Bausch & Lomb Incorporated (Domestic State: NY)

RECEIVED
NOV 1 2007
Law Department

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** Maria Delrosario Gomez, Pltf. vs. Bausch & Lomb Incorporated, Dft.

**DOCUMENT(S) SERVED:** Summons, Complaint, Affidavit(s)

**COURT/AGENCY:** Cook County Circuit Court - Cook County Department - Law Division, IL
Case # 2007L011930

**NATURE OF ACTION:** Product Liability Litigation - Manufacturing Defect - ReNu

**ON WHOM PROCESS WAS SERVED:** C T Corporation System, Chicago, IL

**DATE AND HOUR OF SERVICE:** By Process Server on 10/30/2007 at 12:00

**APPEARANCE OR ANSWER DUE:** Within 30 days, not counting the day of service

**ATTORNEY(S) / SENDER(S):** Antonion M. Romanucci
Romanucci & Blandin
33 North LaSalle Street
Suite 2000
Chicago, IL 60602
312-458-1000

**ACTION ITEMS:** SOP Papers with Transmittal, via Fed Ex 2 Day, 798797729270
Fax Transmittal, Brian C Eckman 585-338-8706
fax at 12:45 p.m.

**SIGNED:** C T Corporation System
**PER:** Tawana Carter
**ADDRESS:** 208 South LaSalle Street
Suite 814
Chicago, IL 60604
**TELEPHONE:** 312-345-4336

Page 1 of 1 / PJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT A

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

SUMMONS (2850) CCG-1

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

RECEIVED
NOV 1 2007
Law Department

| | |
|---|---|
| MARIA DELROSARIO GOMEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2007L011930 |
| vs. | ) CALENDAR/ROOM E |
| | ) TIME 00:00 |
| | ) PLEASE SERVE: Product Liability |
| BAUSCH & LOMB INCORPORATED, | ) Bausch & Lomb Inc. |
| | ) c/o CT Corporation System |
| | ) 208 S. LaSalle Street; Ste. 814 |
| Defendants. | ) Chicago, IL 60604 |

**SUMMONS**

To: All Defendants

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location: Richard J. Daley Center, 50 West Washington Street, Room __801__, Chicago, Illinois 60602.

You must file within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: 35875

Name: Antonio M. Romanucci, ROMANUCCI & BLANDIN

Attorney for: Plaintiff

Address: 33 North La Salle Street, Suite 2000

City/State/Zip: Chicago, Illinois 60602

Telephone: 312/458-1000

WITNESS OCT 22 2007

_____
Clerk of Court

Date of service:_____,_____

(To be inserted by officer on copy left with defendant or other person)

*Law Division Room 801
Chancery-Divorce Division Room 802
County Division Room 801
Probate Division Room 1202

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

SUMMONS (7-90) CCG-1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

MARIA DELROSARIO GOMEZ, )
)
Plaintiff, )
)
vs. ) No. 2007L011930
) CALENDAR/ROOM E
) PLEASE SERVE:
BAUSCH & LOMB INCORPORATED, ) Bausch & Lomb Inc.
) c/o CT Corporation System
) 208 S. LaSalle Street; Ste. 814
Defendants. ) Chicago, IL 60604

### SUMMONS

To: All Defendants

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location: Richard J. Daley Center, 50 West Washington Street, Room **801**, Chicago, Illinois 60602.

You must file within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

OCT 22 2007

Atty. No.: 35875                                WITNESS_____,_____

Name: Antonio M. Romanucci, ROMANUCCI & BLANDIN

Attorney for: Plaintiff
                                                _____
Address: 33 North La Salle Street, Suite 2000
                                                Clerk of Court
City/State/Zip: Chicago, Illinois 60602
                                                Date of service:_____,_____
Telephone: 312/458-1000
                                                (To be inserted by officer on copy left with defendant or other person)

*Law Division Room 801
Chancery-Divorce Division Room 802
County Division Room 801
Probate Division Room 1202

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MARIA DEL ROSARIO GOMEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. |
| | ) | |
| BAUSCH & LOMB INCORPORATED, | ) | PLAINTIFF DEMANDS |
| | ) | TRIAL BY JURY |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, MARIA DEL ROSARIO GOMEZ, by and through her attorneys, ROMANUCCI & BLANDIN, LLC, and complaining against Defendants, BAUSCH & LOMB INCORPORATED (hereinafter "BAUSCH & LOMB") and CARRIE ROITSTEIN, O.D., state as follows:

### FACTS

1. Plaintiff MARIA DEL ROSARIO GOMEZ does and did at all times hereinafter mentioned reside in the City of Chicago, County of Cook in the State of Illinois.

2. At all times herein relevant, the defendant, BAUSCH & LOMB, was organized and exists under and by virtue of the laws of the State of New York, with its principal place of business located at One Bausch & Lomb Place, Rochester, New York.

3. Defendant BAUSCH & LOMB, designed, developed, manufactured, tested, packaged, advertised, promoted, marketed, distributed, labeled, and/or sold the contact lens eye care product ReNu.

1

4. ReNu was held out by defendant to be a "multi-purpose solution for cleaning, rinsing, disinfecting, and storing your soft contact lenses." The Defendant further contended that, "ReNu Multi-Purpose Solution makes daily lens care easy."

5. On or about February 2006, BAUSCH & LOMB, suspended sales of ReNU in Asia amidst an increase of incidents of fusarium keratitis and requests by Asian officials to pull ReNu from the shelves.

6. ReNU, upon information and belief, contains a defect in its chemical composition, which is either inherent to ReNU itself or results from contaminants found in the facility at which it is manufactured.

7. On or about April 10, 2006, the U.S. Food and Drug Administration (FDA) and the CDC issued a press release, "alerting health care professionals and their patients who wear soft contact lenses to an increasing number of reports in the United States of rare but serious fungal infections in the eye that can cause permanent loss of sight." The press release indicated further that, "some patients have reported a significant loss of vision, resulting in the need for a corneal transplant." The FDA indicated that a fungus called Fusarium was identified as the cause of the reported infections.

8. Thereafter, BAUSCH & LOMB announced the suspension of shipments of ReNU due to reports of fungal keratitis infections in contact lens wearers who used ReNU.

9. On or about April 13, 2006, BAUSCH & LOMB requested that U.S. retailers remove ReNU from their shelves, and recommended that consumers switch to another lens care solution, until the conclusion of the investigation into reports of fungal keratitis infections among contact lens wearers in the United States.

10. Plaintiff Maria Del Rosario Gomez used the defective BAUSCH & LOMB ReNU, on or about November 23, 2005.

11. As a direct and proximate result of her use of ReNU, Plaintiff Maria Del Rosario Gomez, suffered a chronic fungal corneal ulcer, for which future surgery in the right eye will be required and she will have sustained permanent injury as a result of her use of the defective ReNU.

12. Had defendant properly disclosed the risks associated with ReNU, Plaintiff would not have used the product.

## COUNT I: NEGLIGENCE
### (BAUSCH & LOMB)

13. Plaintiff hereby incorporates by reference each of the preceding allegations contained in paragraphs 1-12, as though fully set forth herein.

14. At all times material hereto, the Defendant had a duty to exercise reasonable care to consumers, including plaintiff, in the design, development, manufacture, testing, inspection, packaging, promotion, marketing, distribution, labeling, and/or sale of ReNU.

15. The defendant breached its duty of reasonable care to Plaintiff in that it negligently designed, developed, manufactured, tested, inspected, packaged, promoted, marketed, distributed, labeled, and/or sold ReNU.

16 Plaintiff's injuries and damages, as alleged herein, were and are the direct and proximate result of the carelessness and negligence of the defendant.

17. The defendant knew of should have known that consumers such as Plaintiff would foreseeably suffer injury as a result of the defendant's failure to exercise reasonable and ordinary care.

18. As a proximate result of the aforementioned negligence of defendant, Plaintiff Maria Del Rosario Gomez, suffered personal injuries and harm, and was required to pay for necessary healthcare, attention and services, along with additional incidental and related expenses to monitor her condition.

19. The conduct of defendant was negligent, in disregard for the consequences as to reveal an indifference to the clear risk of blindness, death or serious bodily injury.

20. That at the aforesaid time and place, Defendant, BAUSCH & LOMB, individually and by and through its duly authorized agents, servants, and/or employees committed one or more of the following negligent acts and/or omissions:

    a. Negligently created a defective product;

    b. Failed to create a product, ReNU, to perform in accordance with the reasonable expectations of ordinary consumers;

    c. Negligently knew or should have known of the defect;

    d. Negligently concealed the defect from consumers and/or failed to disclose to consumers the defect;

    e. Negligently designed, tested, marketed, manufactured, advertised, warranted, and sold ReNU;

    f. Negligently breached its express warranties;

    g. Negligently breached implied warranties of merchantability;

    h. Negligently misrepresented the characteristics and qualities of ReNU; and

    i. Negligently knew of should have known that ReNU could cause personal injury such a fungal keratitis, and failed to disclose the risk of physical harm.

21. As a direct and proximate result of defendant's negligence, Plaintiff suffered severe and permanent physical injuries and has endured substantial pain and suffering. She has incurred significant expenses for medical care and treatment, and will continue to incur such

expense in the future. She has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally, economically injured. Plaintiff's injuries and damages are permanent and will continue into the future.

WHEREFORE, Plaintiff prays for judgment against Defendant, BAUSCH & LOMB, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs, with interest, of bringing this action, and for such other further relief this court deems fair and just.

### COUNT II: STRICT LIABILITY
### (BAUSCH & LOMB)

22. Plaintiff hereby incorporates by reference each of the preceding allegations as fully set forth in paragraphs 1-12 herein.

23. Defendant designed, developed, manufactured, tested, packaged, advertised, promoted, marketed, distributed, labeled, and/or sold ReNU in a condition which rendered it unreasonably dangerous due to its propensity to cause fungal eye infections.

24. ReNU manufactured and/or supplied by defendant was defective in manufacture or construction in that, when it left the hands of defendant, it deviated in a material way from defendant's manufacturing performance standards and/or it differed from otherwise identical products manufactured to the same design formula.

25. ReNU manufactured and/or supplied by defendant was defective in design in that, when it left the hands of defendant, the foreseeable risks exceeded the benefits associated with the design anchor formulation.

26. Alternatively, ReNU supplied by defendant was defective in design in that it was more dangerous than an ordinary consumer would expect when used in its intended or reasonably foreseeable manner.

27. ReNU was defective and unreasonably dangerous when it left the possession of defendant in that it contained writings insufficient to alert consumers, including plaintiff, of the dangerous risks and reactions associated with ReNU, notwithstanding defendant's knowledge of such risks and reactions.

28. The aforementioned defects existed when defendants placed ReNU into the stream of commerce.

29. Plaintiff's injuries and damages alleged herein were a proximate result of these defects.

30. By engaging in the aforesaid conduct, Defendant is strictly liable to plaintiff.

31. As a direct and proximate result of defendant's acts and omissions, Plaintiff has suffered severe and permanent physical injuries and has endured substantial pain and suffering. They have incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. They have suffered and will continue to suffer economic loss, and have otherwise been physically, emotionally and economically injured plaintiff's injuries and damages are permanent and will continue into the future.

WHEREFORE, Plaintiff prays for judgment against Defendant, BAUSCH & LOMB, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs, with interest, of bringing this action, and for such other further relief this court deems fair and just.

### COUNT III: BREACH OF EXPRESS WARRANTY
### (BAUSCH & LOMB)

32. Plaintiff hereby incorporates by reference each of the preceding allegations in paragraphs 1-12, herein.

33. Defendant expressly warranted, to plaintiff that ReNU was safe and fit for use by consumers and users for its intended purpose, that it was of merchantable quality, that it did not produce any dangerous side effects, and that it was adequately tested and fit for its intended use.

34. At the time of the making of the express warranties, defendant knew or should have known of the purpose for which ReNU was used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose.

35. At the time of the making of the express warranties, defendant knew or should have known that, in fact, said representations and warranties were false, misleading, and untrue in that ReNU was not safe and fit for its intended use and, in fact, produces serious injuries to the user.

36. Plaintiff purchased and used ReNU for its intended purpose.

37. Plaintiff relied on defendant's express warranties.

38. Defendant breached said express warranties in the ReNU was not safe and fit for its intended use and, in fact, causes debilitating and potentially lethal side effects.

39. As a direct and proximate result of defendant's breach of express warranty, Plaintiff suffered severe and permanent physical injuries and has endured substantial pain and suffering. She has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. She has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally, and economically injured. Plaintiff's injuries and damages are permanent and will continue into the future.

WHEREFORE, Plaintiff prays for judgment against Defendant, BAUSCH & LOMB, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs, with interest, of bringing this action, and for such other further relief this court deems fair and just.

## COUNT IV: BREACH OF IMPLIED WARRANTIES
### (BAUSCH & LOMB)

40. Plaintiff hereby incorporates by reference each of the preceding allegations in paragraphs 1-12, as though fully set forth herein.

41. Defendant designed, manufactured, marketed, distributed, supplied, and sold ReNU.

42. At the time that defendant manufactured, marketed, distributed, supplied, and/or sold ReNU, it knew of the use for which ReNU was intended and impliedly warranted it to be of merchantable quality and safe and fit for such use.

43. Plaintiff purchased and used ReNU for its intended purpose.

44. Due to defendant's wrongful conduct, as alleged herein, plaintiff could not have known about the nature of the risks and side effects associated with ReNU until after she used it.

45. Contrary to the implied warranty for ReNU, ReNU was not of merchantable quality and was not safe or fit for its intended uses and purposes.

46. As a direct and proximate result of defendant's breach of implied warranty, plaintiff suffered severe and permanent physical injuries and has endured substantial pain and suffering. She has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. She has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally, and economically injured. Plaintiff's injuries and damages are permanent and will continue into the future.

WHEREFORE, Plaintiff prays for judgment against Defendant, BAUSCH & LOMB, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs, with interest, of bringing this action, and for such other further relief this court deems fair and just.

## COUNT V- MISREPRESENTATION
### (BAUSCH & LOMB)

47. Plaintiff hereby incorporates by reference each of the preceding allegations in paragraphs 1-12, as though fully set forth herein.

48. Defendant misrepresented the safety of ReNU and fraudulently, intentionally, recklessly, or negligently concealed material adverse information regarding the safety of ReNU when it had a duty to disclose such information to the consuming public, including to plaintiff.

49. Defendant made false or misleading statements and omissions about the safety of ReNU in its labeling, advertising, promotional materials, and other marketing efforts.

50. Defendant made these representations and actively concealed adverse information at a time when it knew, or should have known because of its superior position or knowledge, that ReNU had defects, dangers, and characteristics, which were other than defendant represented to the public, including to plaintiff.

51. The facts misrepresented or not fully disclosed were material.

52. Defendant made these misrepresentations and actively concealed this information with the intention that plaintiff and the consuming public, would rely on the misrepresentations or omissions in selecting ReNU for purchase and use.

53. Defendant should have reasonably foreseen that Plaintiff was likely to rely on the facts misrepresented or not disclosed.

54. Plaintiff reasonably relied on and was induced by defendant's misrepresentations and/or active concealment in selecting and using the ReNU.

55. Plaintiff sustained injuries and losses as a direct and proximate result of defendant's misrepresentations or active concealment of information.

56. As a direct and proximate result of defendant's misrepresentation, Plaintiff suffered severe and permanent physical injuries and has endured substantial pain and suffering. She has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. She has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally, and economically injured. Plaintiff's injuries and damages are permanent and will continue into the future.

WHEREFORE, Plaintiff prays for judgment against Defendant, BAUSCH & LOMB, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs, with interest, of bringing this action, and for such other further relief this court deems fair and just.

Respectfully Submitted,
ROMANUCCI & BLANDIN, LLC

By: _____
One of Plaintiffs' Attorneys

Antonio M. Romanucci
ROMANUCCI & BLANDIN
33 North La Salle Street
Suite 2000
Chicago, Illinois 60602
312/458-1000
Atty. No.: 35875

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MARIA DEL ROSARIO GOMEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. |
| | ) | |
| BAUSCH & LOMB INCORPORATED, | ) | PLAINTIFF DEMANDS |
| | ) | TRIAL BY JURY |
| Defendant. | ) | |

### AFFIDAVIT REGARDING DAMAGES SOUGHT

Antonio M. Romanucci, being first duly sworn under oath, states as follows:

1. That your affiant is one of the attorneys of record for the party in this matter.

2. That the total money damages sought in this civil action exceeds $50,000.

FURTHER AFFIANT SAYETH NOT.

_____
Antonio M. Romanucci

[X] Under penalties as provided by law pursuant to 735 ILCS 5/1-109 (1993), I certify that the statements set forth herein are true and correct.


Antonio M. Romanucci
ROMANUCCI & BLANDIN
33 North LaSalle Street
Suite 2000
Chicago, Illinois 60602
312/458-1000
Atty. No.: 35875

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MARIA DEL ROSARIO GOMEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No. |
| ) | |
| BAUSCH & LOMB INCORPORATED, ) | PLAINTIFF DEMANDS |
| ) | TRIAL BY JURY |
| Defendant. ) | |

### JURY DEMAND

The undersigned demands a jury trial.

_____
Attorney for Plaintiff

Antonio M. Romcanucci
ROMANUCCI & BLANDIN, LLC
33 N. LaSalle Street
Suite 2000
Chicago, Illinois 60602
Tel.: (312) 458-1000
Attorney No.: 35875