UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA DEL ROSARIO GOMEZ )<br><br>Plaintiff, )<br><br>vs. )<br><br>BAUSCH & LOMB INCORPORATED, )<br><br>Defendant. ) | )<br>)<br>)<br>)<br>)<br>) Case No. 07 CV 06540<br>)<br>) HONORABLE MILTON I. SHADUR<br>) (or other Judge of this court pending<br>) reassignment following recusal)<br>) |

**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
OF DEFENDANT BAUSCH & LOMB INCORPORATED**

On November 19, 2007, defendant Bausch & Lomb Incorporated ("Bausch & Lomb") removed this action to the United States District Court for the Northern District of Illinois based on diversity of citizenship between the parties. 28 U.S.C. §§ 1332, 1441(a), 1446. On December 27, 2007, plaintiff Maria Del Rosario Gomez ("plaintiff") filed an amended complaint to join Walgreens Co., as well as a motion to remand this matter to the Circuit Court of Cook County. Bausch & Lomb submits the following opposition to plaintiff's motion to remand:

I.   **Introduction**

This case is one of 250 cases currently pending against Bausch & Lomb in federal courts across the country alleging injuries related to the use of contact lens solution. On August 14, 2006, pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation ("JPML") entered a Transfer Order establishing MDL-1785, *In re Bausch & Lomb Inc. Contact Lens Solution Products Liability Litigation* ("MDL Court" or "MDL-1785"), for purposes of consolidating and coordinating pretrial proceedings in these cases. The MDL Court is located in the District of South Carolina and is presided over by the Honorable David C. Norton. Over 235 cases have already been centralized in the MDL, and more are in the process of being

transferred. This case will soon be identified to the JPML as a tag-along for inclusion in MDL-1785. Bausch & Lomb anticipates that the JPML will – shortly thereafter – issue an order conditionally transferring this case to the MDL Court, just as the JPML has done in the vast majority of other actions against Bausch & Lomb in federal court.

Bausch & Lomb respectfully requests that this Court defer ruling on plaintiff's motion to remand, permit the JPML to transfer this action to the MDL, and allow the MDL Court to determine plaintiff's remand motion. The MDL Court has the jurisdiction to determine plaintiff's remand motion and should decide that motion in light of Judge Norton's experience and expertise with the many cases involving Bausch & Lomb's contact lens solution that comprise MDL-1785. Allowing the MDL Court to decide plaintiff's motion will serve the purposes of efficiency and judicial economy for which the MDL process was created.

Alternatively, this Court should deny plaintiff's motion to remand. Plaintiff seeks to join an additional defendant, Walgreens, whose joinder would destroy diversity and thereby divest this Court of subject matter jurisdiction. In such an instance, 28 U.S.C. § 1447(e) provides this Court with discretion to deny joinder. 28 U.S.C. § 1447(e); *In re Florida Wire & Cable Co.*, 102 F.3d 866, 868 (7th Cir. 1996) (citing statute); *Bostrom v. Target Corp.*, No. 06-CV-1628, 2006 U.S. Dist. LEXIS 84890, at *7 (N.D. Ill. Nov. 21, 2006) (applying 28 U.S.C. § 1447(e) and denying joinder of diversity-destroying defendant); *Smith v. Wal-Mart Stores, Inc.*, No. IP02-0444-C-K/T, 2003 U.S. Dist. LEXIS 289, at *4-6 (S.D. Ind. Jan. 8, 2003) (same); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) ("The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder."). The Court should exercise this discretion and deny plaintiff's motion because plaintiff has failed to articulate the need for a claim against Walgreens, plaintiff's apparent motive in joining Walgreens is to defeat diversity, and plaintiff will not be prejudiced if the

2

motion is denied. Additionally, denying plaintiff's motion will promote judicial economy and consistency because this action will almost undoubtedly be transferred to MDL-1785 in relatively short course.

## II.  Deferral To The MDL Court Is Appropriate For Jurisdictional Matters.

This Court should defer ruling on plaintiff's motion and allow the JPML to transfer this case to the MDL. District courts in other litigation have deferred ruling in similar circumstances despite jurisdictional objections. Indeed, "[t]he general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the JPML has transferred the case to the MDL panel." *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113, 2001 U.S. Dist. LEXIS 22329, at *17 (W.D. Tenn. Apr. 3, 2001). Consolidating motions to remand in the MDL Court establishes uniformity and judicial economy in determining jurisdictional issues. *See Falgoust v. Microsoft Corp.*, No. 00-0779, 2000 U.S. Dist. LEXIS 5417, at *3-7 (E.D. La. Apr. 19, 2000) (transferee court should decide remand motion due to replication of factual and legal issues in multiple actions brought against same defendant); *Aikins v. Microsoft Corp.*, No. 00-0242, 2000 U.S. Dist. LEXIS 4371, at *2-4 (E.D. La. Mar. 24, 2000) (same); *Moore v. Wyeth-Ayerst Labs.*, 236 F. Supp. 2d 509, 512 (D. Md. 2002) (staying motion to remand pending MDL transfer "[b]ecause it furthers the goals of judicial economy and consistency").

The MDL Court has the jurisdiction to determine plaintiff's motion and should have the opportunity to decide the motion based on that Court's experience with numerous other cases against Bausch & Lomb and the similarity of complex issues raised. Furthermore, deferring ruling on plaintiff's motion pending transfer to the MDL will not prejudice plaintiff. *See, e.g., Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 990 (E.D. Wisc. 2000) (rejecting plaintiff's assertions that a stay pending resolution of transfer issues would result in a "prolonged delay" and holding that plaintiff's "cursory assertions of prejudice do not outweigh the disadvantages of

3

litigating identical claims in a multitude of venues"). Therefore, in the interests of judicial economy and consistency, this Court should defer ruling on plaintiff's motions until after the JPML issues a decision regarding transfer, thereby allowing transfer to MDL-1785.

### III. If This Court Chooses To Rule On Plaintiff's Motion To Remand, It Should Deny The Motion.

Should this Court choose to issue a ruling on plaintiff's motion, it should be denied. The Court's decision in this regard is entirely discretionary and the pertinent factors weigh in favor of denial.

#### A. 28 U.S.C. § 1447(e) Gives This Court Discretion To Deny Plaintiff's Motion.

Bausch & Lomb effected a proper removal of this action to federal court on November 19, 2007. Plaintiff now seeks to add an additional party whose joinder would destroy diversity. Because plaintiff's request to amend comes *after* a proper removal, this Court has the discretion to deny joinder and retain the case, or allow joinder and remand the case to state court. 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court <u>may deny joinder</u>, or permit joinder and remand the action to the State court.") (emphasis added); *see also Roberts v. Standard Ins. Co.*, No. 04-C-2027, 2004 U.S. Dist. LEXIS 20797, at *26 (N.D. Ill. Oct. 14, 2004) (denying joinder of nondiverse defendant); *Bostrom*, 2006 U.S. Dist. LEXIS 84890, at *7 (same).

#### B. The Pertinent Factors Weigh In Favor Of Denying Plaintiff's Motion.

Courts engaging in the 28 U.S.C. § 1447(e) analysis have set forth certain factors to be considered in determining whether to permit post-removal joinder of a diversity-destroying defendant. Pertinent factors in this analysis include: (1) plaintiff's motive for the sought-after amendment and the apparent validity of the claim against the new party; (2) prejudice to the parties; and (3) any other equitable considerations – including the defendant's interest in

4

maintaining a federal forum. *See Roberts*, 2004 U.S. Dist. LEXIS 20797, at *7; *Bostrom*, 2006 U.S. Dist. LEXIS 84890, at *4-5; *Smith*, 2003 U.S. Dist. LEXIS 289, at *4. Here, these factors weigh in favor of denying joinder of Walgreens.

      i.    **Plaintiff's Apparent Motive For Joining Walgreens Is To Defeat Diversity Jurisdiction.**

Bausch & Lomb contends that plaintiff is attempting to fraudulently join Walgreens in order to divest this Court of jurisdiction, an entirely improper motive for seeking joinder. *See Bostrom*, 2006 U.S. Dist. LEXIS 84890, at *6 (in the 28 U.S.C. § 1447(e) analysis, the court "place[s] greatest emphasis on the Plaintiffs' motive for seeking the amendment."); *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999) (noting that "fraudulent joinder" may be considered a "dispositive factor" in deciding whether a plaintiff may join a nondiverse defendant). Plaintiff's motion to remand offers absolutely no explanation as to why Walgreens is now a necessary defendant in this case. Plaintiff has not advanced any argument as to why her motive to add Walgreens is legitimate or how the addition of Walgreens offers her any specific benefit. Moreover, it is doubtful that plaintiff can maintain a product liability claim against Walgreens – a mere distributor of Bausch & Lomb's product – under Illinois law. *See* 735 Ill. Comp. Stat. 5/2-621.

Without any explanation as to the necessity of Walgreens, it is suspect that plaintiff seeks to add this nondiverse defendant for the sole purpose of defeating diversity jurisdiction. The Court should not permit plaintiff to manipulate the forum in this manner. *See Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087 n. 4 (C.D. Cal. 1999) (district court must scrutinize propriety of amendment, otherwise "the option of adding a nominal defendant solely to defeat diversity jurisdiction would be available to any plaintiff who desired to take advantage of it"). This factor therefore weighs in favor of denying plaintiff's motion.

### ii. Plaintiff Is Unlikely To Suffer Prejudice If The Motion Is Denied.

Plaintiff is unlikely to suffer prejudice if joinder of Walgreens is denied. First, as detailed above, plaintiff has not demonstrated that Walgreens is a legitimate defendant in this action. Second, even if plaintiff could demonstrate ability to proceed on a claim against Walgreens, Walgreens not a necessary nor indispensable defendant in this case because plaintiff seeks money damages which, if awarded, could be fully satisfied by Bausch & Lomb. *Smith*, 2003 U.S. Dist. LEXIS 289, at *6 (denying joinder does not prejudice plaintiffs where plaintiffs may obtain full recovery against existing defendant); *Newcombe*, 157 F.3d at 691 (agreeing with the district court's conclusion that the sought-after party was unnecessary where money damages sought by plaintiff could be fully satisfied by existing defendants). Notably, plaintiff does not contend that joinder of Walgreens is necessary to obtain a full recovery, or that its absence would preclude the grant of complete relief. Furthermore, in this action, Bausch & Lomb does not dispute that it manufactured and distributed ReNu® with MoistureLoc®, the product at issue in this case. This factor therefore weighs in favor of denying plaintiff's motion.

### iii. Denying Plaintiff's Motion Will Promote Judicial Economy And Consistency.

Here, the efficient administration of justice would best be served by denying plaintiff's motion and allowing the JPML to transfer this case to the MDL Court. The federal statute governing multidistrict litigation was created to promote the "just and efficient conduct" of cases transferred to an MDL for coordinated and consolidated pretrial proceedings. *See* 28 U.S.C. § 1407(a). Plaintiff has alleged product liability claims against Bausch & Lomb concerning a particular contact lens solution. The JPML created the MDL Court in South Carolina to handle cases just like plaintiff's to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and promote economy and efficiency. Because plaintiff's

allegations are similar to those in more than 235 cases already transferred to MDL-1785, discovery in her case would be duplicative and a hardship on Bausch & Lomb. Plaintiff should not be allowed to defeat the MDL's jurisdiction by joining this non-diverse party. This Court should exercise its discretion under 28 U.S.C. § 1447(e) and deny plaintiff's motion, thereby allowing this products liability case against Bausch & Lomb to be transferred to the MDL Court where it properly belongs.

IV.   **Conclusion**

For the foregoing reasons, Bausch & Lomb requests that this Court exercise its discretion and defer ruling on plaintiff's motion to amend and remand, thereby giving the JPML an opportunity to transfer this case to MDL-1785. Alternatively, should this Court choose to rule on plaintiff's motion, it should be denied.

Dated this 10th day of January, 2008.

Respectfully submitted,

s/ Peter A. Tomaras
One of the Attorneys for Defendant

Peter A. Tomaras (No. 6180423)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois 60606-1229
(312) 201-2000

Jon Strongman
Shook Hardy & Bacon, LLP
One Kansas City Place
1200 Main Street
Kansas City, MO 64105
(816) 474-6550

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 10th day of January, 2008, a copy of the foregoing Opposition of Plaintiff's Motion to Remand of Defendant Bausch & Lomb, Inc. was electronically filed with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system.

By   s/ Peter A. Tomaras