UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| MARIA DEL ROSARIO GOMEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BAUSCH & LOMB INC., and )<br>WALGREEN CO., d/b/a WALGREENS, )<br>)<br>Defendants. ) | No.   07 CV 06540<br><br>Judge George M. Marovich |

### REPLY TO DEFENDANT BAUSCH & LOMB'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

COMES NOW the Plaintiff, MARIA DEL ROSARIO GOMEZ, by and through her attorneys, ROMANUCCI & BLANDIN, and for her Reply to Defendant, BAUSCH & LOMB'S, Opposition to Plaintiff's Motion to Remand states as follows:

### BACKGROUND

Plaintiff filed this action in the Circuit Court of Cook County, Illinois, against Bausch & Lomb, Inc. On November 19, 2007, a Notice of Removal was filed with this Court. Shortly thereafter, Plaintiff's counsel was made aware by Ms. Gomez that the allegedly defective product was purchased at Walgreen, an Illinois Corporation. Accordingly, Plaintiff filed an amended complaint on December 27, 2007, adding Walgreen as a defendant. In her amended complaint, Plaintiff asserted additional claims for relief against Walgreen, including Negligence (Count VI), and Strict Products Liability (Count VII). No objection to the amended complaint was filed by Defendant Bausch & Lomb. On the same day, Plaintiff filed her Motion to Remand to state court, arguing that the joining Walgreen as a defendant destroyed diversity jurisdiction under 28 U.S.C. §1332, thereby divesting this Court of subject matter jurisdiction.

At the hearing on January 3, 2008, the Honorable Judge Milton Shader indicated that the remand to state court was proper in this case, but he could not rule on the matter and was required to recuse himself under 28 U.S.C. 455(b)(4). Defendant Bausch & Lomb filed its Opposition to Plaintiff's motion to remand on January 10, 2008. At no point did Defendant Bausch & Lomb file a motion to stay proceedings.

While the case was being reassigned for a ruling on Plaintiff's motion to remand, on January 25, 2008, the Judicial Panel on Multidistrict Litigation issued a Conditional Transfer Order ("CTO"). Plaintiff timely filed her Opposition to the Conditional Transfer Order on February 8, 2008. See Notice attached hereto as Exhibit "A". As a result, there is a stay on the CTO until further order of the Panel pursuant to Judicial Panel Rule 7.4. As a result, this Court retains full jurisdiction to rule on Plaintiff's Motion to Remand.

## ARGUMENT

### I. The Court should exercise its discretion and rule on Plaintiff's Motion to Remand.

There is no justification for this Court to defer ruling on the pending motion to remand. The present motion was filed, and defendant filed their Opposition, before the Conditional Transfer Order was sent to Plaintiff. In addition, Plaintiff timely filed their opposition to the Conditional Transfer Order, effectively staying the Order so that this Court may rule on Plaintiff's motion. As such, "this Court retains full jurisdiction over this action until such time as a transfer order by the JPML is filed in the office of the clerk of the district court of the transferee district." *Alegre v. Aguayo,* No. 06-C-5744, 2007 WL 141891 at *2 (N.D. Ill. Jan. 17, 2007).

Further, Defendant has not filed a Motion to Stay the proceedings until transfer to the

2

MDL, only ask in their Opposition to Plaintiff's Motion to Remand for this Court to defer ruling until transfer to the MDL. This is insufficient. Even where motions to stay have been filed, district courts will routinely rule upon the motion to remand before them. See, e.g., *Barringan v. Warner Lambert*, 216 F. Supp.2d 627 (W.D. Tex. 2002), ("The Court is under the opinion that judicial efficiency and economy are better served by this Court considering, before this case is transferred to the MDL Court, the motion to remand."); *Stilman v. Warner-Lambert*, 2001 WL 51622 (E.D. La. 2001)("The Court denies defendant's motion to stay pending transfer of this action to the United States Disctrict for the Southern District of New York where Multi-District court proceedings are pending."); *Luna v. Warner Lambert*, 2001 WL 515223 (E.D. La. 2001)(same); *In Re: Rezulin Products Liability Litigation*, 2003 WL 21146649 (S.D.NY. 2003) (noting that the Court in the Central District of California decided the remand motion).

There is no reason to delay ruling on Plaintiff's motion. There is no motion to stay pending, and the Court should proceed expeditiously to rule on Plaintiff's motion and remand this case to the Circuit Court of Cook County, Illinois.

> **II.     Defendant failed to object to the filing of Plaintiff's Amended Complaint adding Defendant Walgreen, thereby waiving objection to removal of the cause to state court.**

Plaintiff agrees with Defendant Bausch & Lomb that 28 U.S.C. §1447(e) should be applied to resolve the issues raised in Plaintiff's motion to remand. The statute provides:

> "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

Defendant cites *Bostrom v. Target Corp.*, No. 06 CV 1628, 2006 WL 3370176 (N.D. Ill. Nov. 21, 2006) for the proposition that this Court should apply four factors in determining whether to remand Plaintiff's case to state court. However, Defendant Bausch & Lomb overlook the fact that this Court is given only two initial options when using §1447(e) in an analysis.

3

"[T]he clear language of Section 1447(e) requires the court to *either* deny joinder of a non-diverse defendant *or* permit joinder and remand the case to state court. *Birdwell v. Werner Enterprises, Inc.*, No. 07 C 0658, 2007 WL 1732553 (N.D. Ill. June 8, 2007) emphasis in original. In *Birdwell*, the Plaintiff filed a motion for leave to file her amended complaint naming a non-diverse defendant. *Birdwell* 2007 WL 1732553 at *1. The motion was granted without objection and the plaintiff filed her amended complaint. *Id.* The plaintiff in *Birdwell* then filed a motion to remand to state court, to which defendant's opposed. *Id.* Both parties agreed that 28 U.S.C. §1447(e) applied to their case. *Id* at 2. However, this Court held that the case must be remanded because the motion for leave to amend the complaint was not objected to. Citing the Commentary on the 1988 Revision of Section 1447, this Court states, "Subdivision (e), new in §1447, addresses the subject, giving the court only two options: (1) deny the motion [for leave to amend], or (2) grant it and remand the case." *Id.* The *Birdwell* Court continues, "[h]ere the motion was granted, without objection from the defendants, meaning only option two is available: remand." *Id.* Further, once the unopposed joinder of a non-diverse defendant is allowed, the remand becomes mandatory. *Id.* citing *Stevens v. Brink's Home Security, Inc.*, 378 F.3d 944, 949 (9th Cir. 2004) ("...although the district court's decision to allow joinder of the non-diverse defendants was a discretionary decision, *once the non-diverse defendant were joined remand became mandatory.* This is precisely the point of §1447(c). It requires a district court wither to deny joinder of non-diverse defendants or to permit joinder and remand the case to state court. A district court may not allow joinder and retain jurisdiction." Emphasis added in original).

In the present case, Plaintiff filed her amended complaint on December 27, 2007, adding Defendant Walgreen, a non-diverse party. There was no objection by the Defendant Bausch & Lomb to Plaintiff's Amended Complaint. Defendant Bausch & Lomb's only objection is raised

4

for the first time in opposition to Plaintiff's accompanying motion to remand. Specifically, Defendant objects that Plaintiff is "attempting to fraudulently join Walgreen in order to divest this Court of jurisdiction, an entirely improper motive for seeking joinder." *Opposition to Plaintiff's Motion to Remand of Defendant Bausch & Lomb,* Part III(B)(i). However, the issue of fraudulent joinder is never raised. Defendant Bausch & Lomb failed to object to the filing of Plaintiff's amended complaint adding Walgreen as a Defendant. Accordingly, this Court accepted the filing of Plaintiff's amended complaint without objection by Defendant. As a result, this Court is only left with one option under §1447(e): remand the case to state court. Just as in *Birdwell,* supra, the Court's analysis never gets to equitable factors described in *Bostrom*. Plaintiff filed her amended complaint without objection. The amended complaint joined a non-diverse party. Pursuant to §1447(e) as defined by this Court in *Birdwell,* the Court is only left with the option of remanding the case to the Circuit Court of Cook County.

### III. This Court should remand Plaintiff's case to state court even when using the equitable factors described in *Bostrom*.

In the alternative, this Court should remand Plaintiff's case to state court when considered under the equitable factors laid out in *Bostrom,* supra. These factors include "(1) plaintiff's motivation in seeking to join the parties, particularly whether joinder is sought solely to defeat federal jurisdiction; (2) timeliness of the request; (3) any prejudice to the parties flowing from the motion; and (4) other equitable considerations, including defendant's interest in maintaining a federal forum." *Bostrom,* 2006 WL 3370176 at *1. When balancing these equities, this Court is to place the greatest emphasis on the Plaintiff's motive for seeking the amendment. *Id.*

Shortly after this case was removed to federal court, Plaintiff's counsel was told by Plaintiff that she remembered that she had purchased the product from Walgreen. Recognizing

5

Walgreen as a potentially culpable defendant, Plaintiff then filed her amended complaint adding Walgreen as a defendant and naming them in additional Counts VI and VII. Specifically, Count VI alleges that Walgreen was negligent in placing an unsafe product into the stream of commerce; failed to warn of the dangers associated with the use of ReNu when it know or should have known of such danger; negligently failed to timely pull the defective product from its store shelves and suspend sales, when it knew or should have known of the risk of *Fusarium* infection associated with the product; and, was otherwise negligent in its failure to warn. Count VII brings a cause of action against Walgreen under a strict products liability theory, alleging, *inter alia,* that Walgreen knew of the defects in the ReNu contact lens solution, and failed to sufficiently warn consumers of the dangerous risks and reactions.

Plaintiff's motive for adding Walgreen as a defendant was solely based on the need to bring in a potentially culpable defendant to her case. Under Illinois state law, Defendant Walgreen may be liable for Plaintiff's injuries, both under the theories of strict liability and negligence. Defendant cites 735 Ill. Comp. Stat. 5/2-621 as precluding Plaintiff from maintaining a strict products liability action against Walgreen. However, under that statute Plaintiff may pursue a claim if: 1) Walgreen had actual knowledge of the alleged defect; or 2) Walgreen created the defect in the ReNu contact lens solution. If either of these is alleged, the cause of action may not be dismissed. See *Kellerman v. Crowe,* 119 Ill.2d 111, 518 N.E.2d 116 (1987) which states, "[a] defendant is not to be dismissed from the action...if it shares some responsibility for the creation of the defect in the product or had actual knowledge of its existence." *Kellerman,* 518 N.E. 2d at 117. In the present case, Plaintiff has sufficiently pled a viable strict products liability action against Walgreen. Furthermore, Walgreen is a necessary defendant in Plaintiff's negligence Count, alleging, *inter alia,* that Walgreen failed to timely pull

6

the defective product from its shelves. Given the nature of the claims and allegations brought against Defendant Walgreen, it is clearly an indispensable defendant in Plaintiff's cause.

Lastly, Defendant Bausch & Lomb's argument that denying Plaintiff's motion will promote judicial economy and consistency is without merit. There are currently at least six cases currently pending before Judge Lopez-Cepero in the Circuit Court of Cook County with the exact same or similar allegations against the same two defendants; Bausch & Lomb and Walgreen. The MDL predominately, if not completely, consists of actions brought against solely Bausch & Lomb. Not even the current MDL is better positioned to handle this case on a judicially efficient and consistent basis than the state court in this matter.

### IV.  Conclusion

Wherefore, for the foregoing reasons, the Plaintiff respectfully requests that this Honorable Court grant Plaintiff's motion to remand, and return this case to the Circuit Court of Cook County, Illinois.

> Respectfully Submitted,
>
> ROMANUCCI & BLANDIN, LLC
>
> By: \_\_\_\_//s// Antonio M. Romanucci_____

Antonio M. Romanucci
David J. Vander Ploeg
**ROMANUCCI & BLANDIN**
33 North La Salle Street
Suite 2000
Chicago, Illinois 60602
312/458-1000
312/458-1004 *facsimile*

## CERTIFICATE OF SERVICE

I, hereby certify that on this 21st day of February, 2008, a copy of the foregoing Reply to Defendant Bausch & Lomb's Opposition to Plaintiff's Motion to Remand was electronically filed with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system.

//s// Antonio M. Romanucci