# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6540 | **DATE** | 2/25/08 |
| **CASE TITLE** | Maria Del Rosario Gomez v. Bausch & Lomb Incorporated, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff Gomez's motion to remand [10] is granted and the case is remanded back to the Circuit Court of Cook County, Illinois, County Department, Law Division.

■[ For further details see text below.]                                                                                   Docketing to mail notices.

## STATEMENT

Plaintiff Maria Del Rosario Gomez moves to remand this case to the Circuit Court of Cook County. For the reasons set forth below, the Court grants the motion.

Plaintiff filed in the Circuit Court of Cook County a complaint against Bausch & Lomb Inc. ("Bausch & Lomb"). Bausch & Lomb properly removed the case to this Court on the basis of diversity jurisdiction. Plaintiff filed an amended complaint, in which she added claims against Walgreen Company ("Walgreen's"). Walgreen's and plaintiff are citizens of the same state such that the joinder of Walgreen's destroys diversity jurisdiction. On the same day that plaintiff filed her amended complaint, she filed her motion to remand.

Before considering plaintiff's motion to remand, the Court notes that even though the Judicial Panel on Multidistrict Litigation is currently considering a motion to transfer this case, the pendency of that motion does not affect this Court's jurisdiction over the case. See Rule 1.5 of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation* ("The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court. A transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district."); *Illinois Muni. Retirement Fund v. Citigroup, Inc.*, 391 F.3d 844, 852 (7th Cir. 2004). Accordingly, the Court turns to the merits of the motion to remand.

In considering the motion, the Court first turns to the relevant removal statute. Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Once the defendant has been joined, however, the only choice left is to remand the case. *See*

**STATEMENT**

*Birdwell v. Werner Enterprises, Inc.*, Case No. 07 C 658, 2007 WL 1732553 at *3 (N.D. Ill. June 8, 2007). In this case, plaintiff did not need to seek leave of court to amend her complaint and add Walgreen's as a defendant. Rather, because Bausch & Lomb had yet to file an answer to the complaint it removed to federal court, plaintiff had the right to amend her complaint without leave. *See* Fed.R.Civ.P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . ."). Once plaintiff filed her amended complaint, Walgreen's was joined as a defendant. Given that the parties are not diverse, the Court lacks jurisdiction and must remand the case back to State Court.